**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MEDTRONIC, INC., & CONSOLIDATED SUBSIDIARIES**<br>710 Medtronic Parkway<br>Minneapolis, MN 55432,<br><br>      **Plaintiff,**<br><br>  v.<br><br>**INTERNAL REVENUE SERVICE**,<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20004,<br><br>      **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. Plaintiff, Medtronic, Inc., & Consolidated Subsidiaries (collectively, "Medtronic"), brings this action against Defendant, the Internal Revenue Service ("Defendant" or the "IRS"), to compel compliance with the Freedom of Information Act, 5 U.S.C. §552 ("FOIA") and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

3. Venue is proper in this district pursuant to 5 U.S.C. §552(a)(4)(B).

## PARTIES

4. Medtronic, Inc., is a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432, and is the parent corporation of a multinational group of consolidated corporations and affiliated companies. Medtronic is a leading medical technology company with operations and sales worldwide, pioneering device-based therapies that restore health, extend life, and alleviate chronic pain.

5. Defendant is an agency of the United States Government and is headquartered at 1111 Constitution Avenue, N.W., Washington, DC 20005. Defendant is an agency within the meaning of 5 U.S.C. §552(f)(1) and is subject to the requirements of the FOIA. Defendant has possession, custody, and control of the documents and records to which Medtronic seeks access and is responsible for fulfilling Medtronic's FOIA requests.

## STATUTORY FRAMEWORK

6. The FOIA requires agencies of the United States Government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency has twenty working days after receipt of a request in which to determine whether to comply with the request. The agency must then immediately notify the requester of its determination and reasons therefor and of the right of the requester to appeal an adverse determination to the agency's head. 5 U.S.C. §552(a)(6)(A)(i).

8. In "unusual circumstances," the time limits "maybe extended by written notice" that sets forth the date a determination is expected to be sent and that generally does not provide for an extension of more than ten working days. 5 U.S.C. §552(a)(6)(B)(i).

9. The agency must notify the requester if the request cannot be processed within such time and must provide the requester the opportunity to limit the scope of the request so it can be

processed within such time or the opportunity "to arrange with the agency an alternate time frame for processing the request or a modified request." 5 U.S.C. §552(a)(6)(B)(ii). A refusal to modify the request or arrange an alternate time frame is a consideration in determining whether "exceptional circumstances" exist. Id.

10. If the agency fails to comply with the time limit provisions, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. §552(a)(6)(C)(i). If the agency can show "exceptional circumstances" and the exercise of "due diligence," a court may give the agency additional time to respond even after a case is docketed. Id.

11. This Court has jurisdiction upon receipt of a complaint "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

## MEDTRONIC'S FOIA REQUESTS

12. Medtronic is seeking the production of documents and records improperly withheld by Defendant in response to the two FOIA requests properly made by Medtronic.

13. Medtronic's first FOIA request (the "Administrative File Request," Exhibit ("Ex.") A to the Declaration of Thomas V. Linguanti, dated September 16, 2013, attached hereto as Attachment A (the "Linguanti Declaration")) relates to the examination of Medtronic's Form 1120, U.S. Corporation Income Tax Return, filed for the tax years ended April 27, 2007 ("2007"), and April 25, 2008 ("2008"), by the IRS.

14. On May 20, 2013, Medtronic filed the Administrative File Request seeking access to responsive documents contained in the files of, or maintained by, the IRS related to adjustments proposed by the IRS under I.R.C. §§ 482 and 367 with respect to Medtronic's Cardiac Rhythm Disease Management, Neurostimulation, and Spinal businesses, including but not limited to the

production of components in the United States, the manufacture of finished products in Puerto Rico, and the ultimate sale of finished products in the United States or worldwide (the "Sections 482 and 367(d) Issues") and set forth in the Letter 950 and accompanying Revenue Agent Report/ Examination Report issued to Medtronic on October 20, 2011, and revised on November 30, 2011, with respect to Forms 5701 issue numbers 016, 017, 018, 019, 022, 034R, and 035 set forth therein.

15. In the Administrative File Request, Medtronic specifically requested all documents maintained by the IRS in the Examination administrative files, tax litigation files, and related files concerning Medtronic's 2007 and 2008 tax years with respect to the Sections 482 and 367(d) Issues.

16. On June 25, 2013, Diana H. Church, Disclosure Manager ("Church"), responded that the IRS required additional time to respond to the Administrative File Request, extending the time to August 26, 2013 (the "Administrative File First Response," Linguanti Declaration, Ex. B).  The IRS requested additional time but did not deny access to the requested items.  Medtronic agreed to the extension of time by letter dated July 1, 2013 (Linguanti Declaration, Ex. C).

17. On August 23, 2013, Church responded a second time that the IRS needed additional time to respond to the Administrative File Request (the "Administrative File Second Response," Linguanti Declaration, Ex. D).  The Administrative File Second Response notified Medtronic that if the IRS was unable to respond by October 15, 2013, then the IRS would contact Medtronic regarding the status of the Administrative File Request.  Medtronic did not agree to the IRS's requested extension of time to October 15, 2013.

18. As of the date of this Complaint, Defendant has not disclosed any of the documents and records requested by Medtronic's Administrative File Request.

19. Because the IRS failed to comply with the FOIA time limit provisions to provide documents and records to Medtronic in response to Medtronic's Administrative File Request, Medtronic exhausted its administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

20. Medtronic's second FOIA request (the "Ceteris Documentation Request," Linguanti Declaration, Exhibit E) relates to the IRS's outside expert, Ceteris, Inc. ("Ceteris"), retained in connection with Defendant's examination of Medtronic's 2007 and 2008 tax years.

21. On May 20, 2013, Medtronic filed the Ceteris Documentation Request with the IRS seeking access to responsive documents and records contained in the files of, or maintained by Ceteris, its affiliates, officers, employees, and contractors.  Ceteris was engaged by the IRS to assist in the IRS's examination of Medtronic's 2007 and 2008 tax years and the Sections 482 and 367(d) Issues.

22. Specifically, Medtronic's Ceteris Documentation Request sought all documents maintained by Ceteris related to the following contract numbers and associated reports with respect to the Sections 482 and 367(d) Issues:

   1.   TIRMS-09-C-00040;

   2.   TIRMS-10-C-00020;

   3.   TIRMS-11-C-00005;

   4.   A Michael Heimert, "Transfer Pricing Report for Selected Intercompany Transactions of Medtronic, Inc. and its Related Entities Associated with the Sale of Cardiac Rhythm Disease Management and Neurological Stimulation Products for Fiscal Years Ended April 27, 2007 and April 25, 2008," dated September 26, 2011;

   5.   A. Michael Heimert, "Response to Protest for Selected Intercompany Transactions of Medtronic, Inc. and its Related Entities Associated with the Sale of Cardiac Rhythm Disease Management and Neurological Stimulation Products for Fiscal Years Ended April 29, 2005 to April 25, 2008," dated March 8, 2012;

6. Theresa J. Poppei, "Valuation Analysis of Med Rel, Inc. and Medtronic Puerto Rico, Inc., As of September 30, 2001," dated September 26, 2011; and

7. Theresa J. Poppei, "Response to Protest for Valuation Analysis of Med Rel, Inc. and Medtronic Puerto Rico, Inc., As of September 30, 2001," dated March 9, 2012.

23. Medtronic's Ceteris Documentation Request also sought all documents and files of the following persons and entities with respect to the Sections 482 and 367(d) Issues: (i) A Michael Heimert; (ii) Theresa J. Poppei; (iii) Wesley Cornwell; (iv) Ryan Lange; and (v) Ceteris, including its affiliates, officers, employees, and contractors.

24. On June 26, 2013, David Palace, Senior Disclosure Specialist ("Palace"), responded that the IRS required additional time to respond to Medtronic's Ceteris Documentation Request, extending the time to October 30, 2013 (the "Ceteris Documentation Response," Linguanti Declaration, Ex. F). The IRS requested additional time but did not deny access to the requested items. Medtronic never agreed to the IRS's requested extension of time to October 30, 2013.

25. As of the date of this Complaint, Defendant has not disclosed any of the documents and records requested by Medtronic's Ceteris Documentation Request.

26. Because the IRS failed to comply with the FOIA time limit provisions in providing documents and records to Medtronic in response to Medtronic's Ceteris Documentation Request, Medtronic exhausted its administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

27. Medtronic is entitled to reasonable attorney's fees and costs of maintaining this action pursuant to 5 U.S.C. §552(a)(4)(E).

## CAUSE OF ACTION

### First Cause of Action

28. Medtronic reasserts and incorporates by reference paragraphs 1-27.

29. Defendant, as an agency subject to FOIA under 5 U.S.C. §552(f), must release in response to a FOIA request any disclosable records—or portions thereof—in its possession at the time of the request, and provide a lawful reason for withholding any records as to which it is claiming an exemption.

30. Medtronic properly requested documents and records within the IRS's control in accordance with the FOIA.

31. Medtronic is entitled under the FOIA to access the requested documents and records.

32. Defendant has failed to comply with statutory deadlines imposed by the FOIA.

33. Defendant wrongfully withheld the requested records in violation of the FOIA.

34. Medtronic exhausted its administrative remedies with regards to the wrongfully withheld documents and records.

### Second Cause of Action

35. Medtronic reasserts and incorporates by reference paragraphs 1-27.

36. Medtronic properly requested documents and records within the IRS's control in accordance with the FOIA.

37. Medtronic is entitled under the FOIA to access the requested documents and records.

38. Defendant's failure to respond timely to Medtronic's FOIA requests constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA. Defendant's failure to timely respond is arbitrary, capricious, and an abuse of discretion, not in

accordance with law and without observance of procedure required by law, all in violation of the APA.

## PRAYER FOR RELIEF

WHEREFORE, Medtronic respectfully requests that this Court:

a. order Defendant to conduct a reasonable search for all documents and records responsive to Medtronic's FOIA requests;

b. enjoin the IRS from withholding and order the IRS to produce to Medtronic the documents and records that Medtronic requested in its FOIA requests, in accordance with 5 U.S.C. §552(a)(4)(B);

c. award Medtronic's costs and reasonable attorney's fees incurred in prosecuting this action, in accordance with 5 U.S.C. §552(a)(4)(E); and

d. grant such other and further relief as this Court deems just and proper.

Dated:  September 23, 2013						Respectfully submitted,

/s/George M. Clarke III
George M. Clarke III
(Bar No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006
Phone: (202) 452-7000
Fax: (202) 416-7184